**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5005**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

        v.

SAJJAD NAZAR MAHAR, a/k/a Ali Mahar, a/k/a Alli Mahar,
a/k/a Ali Maher, a/k/a Alli Maher,

    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:08-
cr-00281-RWT-1)

Submitted:  June 30, 2011            Decided:  July 11, 2011

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F.X. Becker, Rockville, Maryland, for Appellant. David
Ira Salem, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sajjad Nazar Mahar appeals the district court's judgment entered pursuant to his guilty plea to seventeen counts of mail fraud, wire fraud and money laundering. Counsel for Mahar has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he reviews the proceedings but asserts that there are no meritorious issues for appeal. Mahar has filed a pro se supplemental brief contending that his guilty plea was involuntary and alleging ineffective assistance of counsel. Finding no error, we affirm.

Mahar first asserts that his guilty plea was involuntary. We have thoroughly examined Mahar's Fed. R. Civ. P. 11 hearing and conclude based on his statements at the hearing that his guilty plea was knowing and voluntary. Absent compelling evidence to the contrary, the "truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that a defendant's declaration at the Rule 11 hearing "carr[ies] a strong presumption of verity"); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (concluding that a defendant's statement at a Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the

2

voluntariness of his plea"). We thus find that Mahar's claims in this regard are without merit.

Mahar next asserts that both trial and appellate counsel were ineffective. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. Id. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record in this case does not conclusively establish ineffective assistance of counsel, we find that Mahar's claims are not cognizable in this appeal.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court at that time for leave to withdraw from

3

representation.  Counsel's motion must state that a copy of the motion was served on the client.  Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED